UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BREANNA L. STEWART,<br><br>                     Plaintiff,<br><br>     v.<br><br>MASON COUNTY, et al.,<br><br>                     Defendant. | CASE NO. 3:23-cv-05899-TL-BAT<br><br>**ORDER DECLINING SERVICE AND DIRECTING PLAINTIFF TO AMEND COMPLAINT** |

Plaintiff is detained at the Mason County jail and alleges Defendants Mason County, Kevin Hansen, Shane Schronberg, Randy Newell, Summit Foods, John Bell, Sherman Cassidy, Ryan Spurling, Mason County Sheriffs' Office, and Phil Harris violated Plaintiff's rights. The Court reviews complaints filed by detainees under 28 U.S.C. § 1915A(a), and must "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b); *accord* § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

For the reasons below, the complaint is deficient. Rather than dismissing the complaint at this point, the Court directs Plaintiff to file an amended complaint by **November 15, 2023**. The failure to file an amended complaint that sufficiently states a claim upon which relief may be

1 granted may result in a recommendation this matter be dismissed.

2       Count I alleges each Defendant violated Plaintiff's rights under the First Amendment and
3 the Religious Land Use and Institutionalized Person Act (RLUIPA). Plaintiff avers she is a
4 Muslim and Defendants violated her rights by providing her with vegetarian halal meals, which
5 Plaintiff contends gives her gas, making it difficult for her to pray.  Normally, when a jail
6 provides a Muslim inmate with halal meals, there is no basis to claim a violation of the First
7 Amendment or RLUIPA. *See Bilal v. Lehman*, 2006 WL 3626808 at * 6 (W.D. Wash. Dec. 8,
8 2006) (Muslim prisoner does not have the clearly established right to a specific halal **meat** diet
9 under the Free Exercise clause, RLUIPA, or Equal Protection clause).

10       Plaintiff's present complaint alleges she is being provided halal meals. Plaintiff shall file
11 an amended complaint that provides a basis for why the halal meals that are being provided
12 violate RLUIPA or the First Amendment.

13       Count II alleges Defendants Mason County, Kevin Hansen, Shane Schronberg, Randy
14 Newell and Sherman Cassidy by not providing Plaintiff with a hijab. Plaintiff contends she was
15 told the jail does not provide hijabs and if Plaintiff desires to wear one, she needs to contact her
16 "church." The complaint does not allege Defendants disallow the hearing of a hijab. The
17 complaint thus fails to set forth facts stating a claim that Defendants are burdening Plaintiff's
18 religious beliefs by preventing her from wearing a hijab.  Plaintiff shall thus file an amended
19 complaint setting forth facts provide a basis for why Defendants have violated her rights where
20 they are not preventing her from wearing of a hijab.

21       Count III alleges each Defendant violated Plaintiff's rights under the First Amendment
22 and the RLUIPA. Plaintiff alleges she is exposed to pork products because the jail's food tray are
23 all the same color and size; the jail kitchen is small; and Plaintiff once found a small piece of

ORDER DECLINING SERVICE AND
DIRECTING PLAINTIFF TO AMEND
COMPLAINT - 2

bacon which apparently fell from some source into Plaintiff's tray. The claim there was a small piece of bacon appears to be a one-time occurrence. Other than that, the complaint provides no facts that Plaintiff's food is being contaminated by pork products.

Plaintiff shall thus file an amended complaint setting forth facts that detail the basis for the claim that Plaintiff's food it being contaminated by Defendants and how each Defendant's actions are causing her food to be contaminated by pork products.

As relief, Plaintiff seeks money damages. The RLUIPA does not provides a claim for damages against an individual defendant. *See Ahdom v. Etchebehere*, 2016 WL 8730728 at * 2 (D. Or. June 10, 2016).

In sum, the present complaint lacks sufficient facts to support Plaintiff's allegations. Plaintiff shall thus file an amended complaint that sets forth specific facts that are sufficient to state a claim for relief.  The amended complaint must be complete and detail what each Defendant did that violated Plaintiff's rights, the dates the alleged acts occurred, and whether Plaintiff filed grievances and exhausted her administrative remedies in the jail. As noted above, Plaintiff seeks money damages, but the RLUIPA does not provide for money damages against the individuals names as Defendants.

Plaintiff shall file the amended complaint by **November 15, 2023**. The failure to file an amended complaint, or the filing of a deficient complaint will result in a recommendation that this case be dismissed.  The clerk shall provide Plaintiff with a copy of this order and the prisoner civil rights complaint form.

DATED this 26th day of October, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DECLINING SERVICE AND
DIRECTING PLAINTIFF TO AMEND
COMPLAINT - 3