UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BREANNA L. STEWART,<br><br>Plaintiff,<br><br>v.<br><br>MASON COUNTY, et al.,<br><br>Defendant. | CASE NO. 3:23-cv-05899-TL-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff is detained at the Mason County Jail and filed a § 1983 complaint alleging Defendants Mason County, Kevin Hansen, Shane Schronberg, Randy Newell, Summit Foods, John Bell, Sherman Cassidy, Ryan Spurling, Mason County Sheriffs' Office, and Phil Harris violated Plaintiff's rights. Dkt. 5.

The Court previously reviewed the complaint under 28 U.S.C. § 1915A(a), and advised Plaintiff it must "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b); *accord* § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Dkt. 6.

Following review of the complaint, the Court advised Plaintiff that her complaint contained deficiencies that should be cured before the complaint is served and directed Plaintiff

REPORT AND RECOMMENDATION - 1

to file an amended complaint by **November 15, 2023**. *Id.* The Court also advised Plaintiff the failure to file an amended complaint that sufficiently states a claim upon which relief may be granted may result in a recommendation this matter be dismissed. *Id.*

As of this date, Plaintiff has failed to file an amended complaint or respond to the Court's order. The Court accordingly recommends the complaint be DISMISSED without prejudice.

## DISCUSSION

On October 5, 2023, Plaintiff submitted the instant *pro se* § 1983 complaint. The complaint was filed after Plaintiff was granted leave to proceed *in forma pauperis.* Dkt. 4-5.

To sustain a § 1983 action, Plaintiff must show (1) she suffered a violation of rights protected by the Constitution or federal law; and (2) the violation was proximately caused by a person acting under the color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A defendant is not liable under § 1983 based solely upon the individual's supervisory responsibility or position. *Monell v. Department of Social Servs. of City of New York*, 436 U.S. 658, 691–694 (1978). Although a municipality may not be held liable under a respondeat superior theory for the actions of its employee, it may be held liable for constitutional deprivations caused by its policies or customs. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989).

To merit protection under the First Amendment's Free Exercise Clause, a religious claim must satisfy two criteria: (1) it must be sincerely held in that "the First Amendment does not extend to 'so-called religions which ... are obviously shams and absurdities and whose members are patently devoid of religious sincerity'"; and (2) it must be rooted in religious belief, not in purely secular, philosophical considerations. *Callahan v. Woods*, 658 F.2d 679, 683 (9th Cir. 1981) (quoting *Theriault v. Carlson*, 495 F.2d 390, 395 (5th Cir. 1974), and citing *Wisconsin v.*

1  *Yoder*, 406 U.S. 205, 215 (1972)); *see Shakur v. Schriro*, 514 F.3d 878, 884–85 (9th Cir. 2008);

2  *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994).

3        RLUIPA is a federal statute that provides "[n]o government shall impose a substantial

4  burden on the religious exercise of a person residing in or confined to an institution . . . even if

5  the burden results from a rule of general applicability," unless the government demonstrates the

6  burden is "in furtherance of a compelling government interest" and "is the least restrictive means

7  of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a); *Walker v. Beard*,

8  789 F.3d 1125, 1134 (9th Cir. 2015). To state a claim under RLUIPA, Plaintiff must show:

9  (1) she takes part in a "religious exercise," and (2) the government's actions have substantially

10  burdened that exercise. *Walker*, at 1134.

11        Count I of the complaint alleges each Defendant violated Plaintiff's rights under the First

12  Amendment to the United States Constitution and the Religious Land Use and Institutionalized

13  Person Act (RLUIPA). In support, Plaintiff avers she is a Muslim and Defendants violated her

14  rights by providing her with vegetarian halal meals, which Plaintiff contends gives her gas,

15  making it difficult for her to pray.

16        The complaint is deficient because it fails to articulate what acts each Defendant

17  performed that violated Plaintiff's First Amendment Rights or the RLUIPA. The Plaintiff alleges

18  Defendant Newell stated that he hoped Plaintiff liked rice and beans as that is the Halal meal that

19  was being provided. This allegation does not set forth sufficient facts to state a claim for relief.

20  Count I otherwise contains no facts as to the actions of any other Defendant.

21        The Court notes that normally, when a jail provides a Muslim inmate with halal meals,

22  there is no basis to claim a violation of the First Amendment or RLUIPA. *See Bilal v. Lehman*,

23  2006 WL 3626808 at * 6 (W.D. Wash. Dec. 8, 2006) (Muslim prisoner does not have the clearly

REPORT AND RECOMMENDATION - 3

established right to a specific halal **meat** diet under the Free Exercise clause, RLUIPA, or Equal Protection clause). Additionally, the complaint does not set forth facts establishing Plaintiff has a specific medical condition that is affected adversely by a halal vegetarian meal; that a vegetarian halal meal therefore interferes with her religious activities; and that Defendants are aware of this but have declined to provide a halal meal that does not adversely affect Plaintiff's health and ability to engage in religious activities. *See e.g., Shakur v. Schriro*, 514 F.3d 878, 889 (9th Cir. 2008) (Prisoner's substantiated medical complaints that vegetarian meal affects religious activity may substantially burden prisoner's right of free exercise of religion).

Count II alleges Defendants Mason County, Kevin Hansen, Shane Schronberg, Randy Newell and Sherman Cassidy violated Plaintiff's First Amendment rights by not providing Plaintiff with a hijab. Plaintiff contends she was told the jail does not provide hijabs and if Plaintiff desires to wear one, she needs to contact her "church" to obtain a hijab. The complaint does not allege Defendants have disallowed Plaintiff from wearing a hijab. The complaint thus fails to set forth facts stating a claim that Defendants are impermissibly burdening Plaintiff's religious beliefs by preventing her from wearing a hijab.

Count III alleges each Defendant violated Plaintiff's rights under the First Amendment and the RLUIPA. Plaintiff alleges she was exposed to pork products because the jail's food tray are all the same color and size; the jail kitchen is small; and Plaintiff once found a small piece of bacon which apparently fell from some source onto Plaintiff's tray. To survive dismissal, Plaintiff must present sufficient factual matter that states a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citations omitted). The allegations in Count III leaves

REPORT AND RECOMMENDATION - 4

the Court with only conclusory statements that do not state a claim for relief. As the Supreme Court stated in *Ashcroft*, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement.'" *Ashcroft*, at 1949.

Under this standard, Count III contains several deficiencies. First RLUIPA claims cannot be brought against Defendants in their individual capacity. *See Wood v. Yordy*, 753 F.3d 899, 901 (9th Cir. 2014) (RLUIPA does not contemplate liability of government employees in individual capacity). A RLUIPA claim against Defendants in their official capacity claim must be treated as a claim against the municipality. A municipality, however, can be liable under § 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell*, 436 U.S. at 693; *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (quotation marks and citation omitted) ("Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, the entity's 'policy or custom' must have played a part in the violation of federal law." (some quotation marks omitted)). Here there are no facts establishing a *Monell* claim, i.e., that there is a custom or practice to expose Muslim inmates to pork products, or to expose Plaintiff in specific. The allegations in Count III simply do not set forth facts that establish the jail's food trays or the size of the jail kitchen actually expose Plaintiff to pork products, that Defendants are aware of this, and that Defendants nonetheless continue to expose Plaintiff to pork products, as a practice or policy of the County.

Count III does indicates Plaintiff once found a small piece of bacon on her food tray. There is no indication that this is occurred more than once, and that this occurred due to a policy or practice. Additionally, the allegation is a small piece of bacon was on a tray, not in Plaintiff's

REPORT AND RECOMMENDATION - 5

food. The Court accordingly concludes the alleged facts fail to set forth that the Defendant County has a practice or policy that results in Plaintiff's food being tainted by pork products.

The Court finally notes that as relief, the complaint alleges that Plaintiff seeks money damages. Although money damages can be obtained for violations of the First Amendment, the RLUIPA does not provides a claim for damages against an individual defendant. *See Ahdom v. Etchebehere*, 2016 WL 8730728 at * 2 (D. Or. June 10, 2016).

## CONCLUSION

The complaint before the Court lacks sufficient facts to support Plaintiff's allegations that Defendants violated her First Amendment rights and the RLUIPA. Although Plaintiff was afforded the opportunity to amend her complaint, she failed to do so. Further leave to amend should therefore be denied at this point. The Court recommends the complaint be DISMISSED without prejudice. This will provide Plaintiff the opportunity to file another complaint, if she so chooses, that sets forth more facts in support of her claims.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Plaintiff should thus not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **December 1, 2023**. The Clerk shall note the matter for **December 1, 2023**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 17th day of November, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6